# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RODNEY B. GAINEY, #136-168, | * |
| Plaintiff | * |
| v | *   Civil Action No. PX-17-1242 |
| WARDEN MICHAEL CAPASSO<br>JUDGE VICTOR K. BUTANIS<br>JOSEPH I. CASSILLY, States Attorney<br>KELLY CASPER, Public Defender | *<br><br>*<br><br>* |
| Defendants | |

***

## MEMORANDUM OPINION

The above entitled civil rights complaint, as amended (ECF 1 and 3), includes a Motion to Proceed in Forma Pauperis (ECF 4) which shall be granted. The named defendants are Maryland District Court Judge Victor K. Butanis; Joseph I Cassilly, the Harford County, Maryland State's Attorney whose office is prosecuting plaintiff's criminal cases; Kelly Casper, the District Public Defender for Harford County; and Michael Capasso, Warden of the Harford County Detention Center. For the reasons stated below, the complaint must be dismissed as to defendants Butanis, Cassilly, and Casper.

Following his arrest on "several Maryland felony and misdemeanor" charges, plaintiff appeared in Harford County District Court on January 9, 2017, where he was to be formally advised of his rights. ECF 1 at p. 1. The case was continued to the following day prior to advisement, and plaintiff was released on bail. On January 26, 2017, plaintiff appeared with private counsel and was remanded to the Harford County Sheriff "on an unrelated offense." *Id.*

The crux of plaintiff's claim is that although he had not been fully "vetted" by the Maryland Office of the Public Defender and had never been formally advised of his right to counsel, Maryland District Court Judge Butanis on March 22, 2017, denied his request for continuance of his criminal case, citing "notes reflecting that I had been advised of my rights at a hearing held on January 9, 2017." ECF 3 at p. 3. Plaintiff reiterates the advisement of rights never occurred because he was released from detention prior to the assignment of a public defender and remained unaware that the Harford County State's Attorney had added charge against him.[1] *Id.* Plaintiff indicates that at the March 22, 2017 District Court hearing, he was offered an opportunity to proceed to trial in District Court without counsel, accept the States Attorney's offer to plead guilty in exchange for a sentence of one year and one day, or request a jury trial, thus sending the cases to the Circuit Court. *Id.;* ECF 1 at p. 2.

Plaintiff also complains that while detained from February 22 until March 22, 2017, he attempted to contact the Office of the Public Defender using the Harford County Detention Center's institutional mail system and grievance system, to no avail. Only after a family member contacted the Public Defender was plaintiff granted appointed counsel on April 19, 2017. ECF 3 at pp. 2-3. In addition to money damages and official reprimand of defendants Butanis, Cassilly and Casper, plaintiff asks that his criminal cases be "remanded back to [state] District Court and the same offer from the States Attorney of 1 year 1 day stands." He further seeks to require the Detention Center to "adopt a more proficient system for its grievance procedure" and reorganize its institutional mail system. ECF 3 at pp. 4-5.

---

[1] On March 23, 2017, plaintiff was charged in Harford County Circuit Court in Criminal Case No. 12-K-17000530 with one count of malicious destruction of property valued at less than $1,000 and fourth-degree burglary, occurring January 7, 2017. He is represented by Public Defender Bruce Andres and trial is set for July 25, 2017.
*See* http://casesearch.courts.state.md.us/casesearch/inquiry. Plaintiff was also charged on March 23, 2017, in the Harford County Circuit Court with one count of possession of a controlled dangerous substance other than marijuana. Attorney Andres also represents plaintiff in his drug case, set for trial on July 25, 2017. *See* http://casesearch.courts.state.md.us/casesearch/inquiry.

Plaintiff filed his complaint under 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This court is mindful, however, of its obligation to construe liberally self-represented pleadings, such as this complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id*. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that a district court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."). In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . . It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989).

Even affording plaintiff's claims the most liberal construction, portions of the complaint, as amended, fail to state a claim upon which relief may be granted. First, Judge Butanis is entitled to absolute immunity for the actions taken in his role as a judge. *See Forrester v. White*, 484 U.S. 219, 226в 27 (1988) ("If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits"). The allegations against Judge Butanis shall be dismissed.

The States Attorney also is immune from suit regarding the conduct described in the Complaint. Maryland's States Attorneys are quasi-judicial officers who enjoy absolute immunity when performing prosecutorial, as opposed to investigative or administrative, functions. *See Imbler v. Pachtman*, 424 U.S. 409 (1976). Absolute immunity is designed to protect the *judicial process*; thus the inquiry is whether the prosecutor's actions are closely associated with the judicial process. *See Burns v. Reed*, 500 U.S. 478 (1991). Accordingly, the claim as to defendant Cassilly likewise must be dismissed.

Plaintiff's claim as to the Public Defender also fails to state a federal cause of action because attorneys do not act under color of state law even if they are appointed by the court. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976); *see also Hall v. Quillen*, 631 F.2d 1154, 1155 (4th Cir. 1980). The claim as to Casper also shall be dismissed.

A portion of plaintiff's claim against Warden Capasso may state a cognizable claim. While there is no constitutional right to administrative grievance procedures, *see Adams v. Rice,* 40 F.3d 72, 75 (4th Cir. 1994) and *Flick v. Alba,* 932 F.2d 728, 729 (8th Cir. 1991), detainees and prisoners retain the right to send and receive mail. An unreasonable delay in delivery or mailing general mail within a prison may state a cognizable claim, if such delay is caused by unnecessary censorship. *See generally Procunier v. Martinez,* 416 U.S. 396, 408-09; *Bolding v. Holshouser,* 575 F.2d 461 (4th Cir. 1975). Here, however, plaintiff does not indicate whether censorship or unnecessary regulations led to delay of his outgoing mail, nor does he explain exactly how he was injured as a result of such delay. An occasional delay in mail distribution not alleged to have caused actual injury does not give rise to a constitutional violation as envisioned by the Court in *Procunier.*

Plaintiff shall be given an additional opportunity to amend his complaint against Warden Capasso with regard to the delay in outgoing mail. The other defendants shall be dismissed from suit. A separate Order follows.

Date: June 8, 2017

/S/
Paula Xinis
United States District Judge